**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.   Case No.: 8:15-cr-334-WFJ-TGW

HENRY CARABALI SOLIS
_____/

## ORDER DENYING SENTENCE REDUCTION

Citing Amendment 821 to the United States Sentencing Guidelines, Henry Carabali Solis, USM#: 63137-018, moves (Dkt. 119) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On March 2, 2016, Henry Carabali Solis was sentenced under [46 U.S.C. §§ 70503(a), 70506(a)(b) and 21 U.S.C. § 960](#) to 144 months. His total offense level was 35. Henry Carabali Solis was assessed no criminal history points, and his criminal history was category I. Henry Carabali Solis's advisory sentencing range was 168 to 210 months, and he received a sentence below the advisory range after receiving a downward variance. The Bureau of Prisons reports that Henry Carabali Solis's projected release is November 8, 2025.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States

Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Henry Carabali Solis is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces Henry Carabali Solis's offense level to 33 and reduces Henry Carabali Solis's advisory sentencing range to 135 to 168.  The Federal Defender appears, confirms Henry Carabali Solis's eligibility for a reduction, and moves unopposed to reduce Henry Carabali Solis's sentence to 135 months (a 9-month reduction in sentence).

      The Court's discretion here is guided by 18 U.S.C. § 3553(a).  This is a large maritime smuggling operation involving approximately one ton of cocaine.  Dkt. 53 at 4.  The Defendants resisted arrest by jettisoning the cargo.  *Id*.  Mr. Solis was the captain, albeit his limited role in that position was the basis for a downward variance he received.  The nature of this large and serious offense, in light of 18 U.S.C. § 3553(a)(1), counsels against a further reduction.  *See also id*. at (a)(2)(A) (the sentence should reflect the seriousness of the offense).  Here the movant was the master of a Columbian drug boat carrying roughly $27,000,000 (wholesale price) in cocaine.

      Henry Carabali Solis's motion (Dkt. 119) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on July 10, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

4